UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**RICHARD WALKER**                                                                           **PLAINTIFF**

v.                                    **CASE NO. 5:09cv00296 BSM**

**SCOTT HORNADAY, et al.**                                                            **DEFENDANTS**

## ORDER

Separate defendants City of Fordyce, Arkansas ("Fordyce") and Joe Pennington ("Pennington"), the Chief of Police of Fordyce, move for summary judgment. [Doc. No. 18]. No response has been filed. For the reasons stated below, the motion is granted.

### I. FACTS

Plaintiff Richard Walker ("Walker") was arrested on November 7, 2008. Defendants' statement of facts ("defs' sof"), ¶¶ 1-2. He later filed suit against Fordyce, Pennington and Fordyce police officer Scott Hornaday ("Hornaday"), alleging his constitutional rights were violated. *Id.* at ¶ 1.

### II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Christoffersen v. Yellow Book U.S.A.*, 536 F.3d 947, 949 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005)).

"A party seeking summary judgment always bears the initial responsibility of

informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party demonstrates that there are no genuine issues of material fact in dispute, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but must respond with affidavits, or as otherwise provided in Rule 56, setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Further, "[t]he nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine . . ." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir.

1995). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). It does not weigh the evidence or make credibility determinations. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

### III.  DISCUSSION

Summary judgment is granted to Fordyce and Pennington because there is no evidence indicating that Walker's rights were violated by either Fordyce or Pennington.

Fordyce and Pennington correctly point out that Hornaday took Walker into custody and that the record is devoid of any evidence indicating that the alleged damages suffered by Walker were the result of a policy or custom of Fordyce. "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who [is determined by state law to have] the final authority to establish governmental policy." *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir.1998) (citing *Jane Doe A v. Special Sch. Dist.*, 901 F.2d 642, 645 (8th Cir. 1990)). "Alternatively, liability may be established through proof that the alleged misconduct was so pervasive among the non-policy making employees of the municipality as to constitute a 'custom or usage' with the force of law." *McGautha v. Jackson County, Mo., Collections Dept.*, 36 F.3d 53, 56 (8th Cir. 1994) (citing *Monell*, 436 U.S. at 690-691). Walker presents no proof on this claim and therefore it must be dismissed.

Fordyce and Pennington also correctly point out that 42 U.S.C. § 1983 does not recognize *respondeat superior* claims and that there is no causal link between Hornaday's alleged actions and either Fordyce or Pennington. To bring suit against Pennington, Walker must show some causal link between the violation of his rights and Pennington. This causal link can come in the form of direct participation by Pennington or Pennington's failure to train or supervise Hornaday. *Tilson v. Forrest City Police Dept.*, 28 F.3d 802, 806 (8th Cir. 1994). There is no proof that Pennington was either directly involved in the deprivation of Walker's rights or that Pennington failed to properly train or supervise Hornaday. Therefore, this claim must be dismissed.

## IV. CONCLUSION

Fordyce's and Pennington's motion for summary judgment [Doc. No. 18] is granted and Walker's claims against Fordyce and Pennington are dismissed with prejudice.

IT IS SO ORDERED this 13th day of January, 2011.

_____
UNITED STATES DISTRICT JUDGE